E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
AMY E. POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
Violent and Organized Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0730
    Facsimile: (213) 894-3713
    E-mail:    amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>ROLAND JOSEPH VILLAFUERTE,<br>  aka "Ged Roland,"<br>  aka "RV,"<br><br><br>       Defendant. | No. CR 22-382-JLS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ROLAND JOSEPH VILLAFUERTE |

    1.   This constitutes the plea agreement between Roland Joseph Villafuerte, also known as "Ged Roland" and "RV," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. ROLAND JOSEPH VILLAFUERTE, CR No. 22-382-JLS, which charges defendant with Attempted Enticement of a Minor to Engage in Criminal Sexual Activity by a Person Employed by the Armed Forces Outside the United States, in violation of 18 U.S.C. §§ 2422(b), 3261(a).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been

established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.  As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iii. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The defendant shall not possess or view any materials such as videos,

magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

iv.  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

v.  Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vi.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product

4

is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

viii. Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

ix.  Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

x.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xi.  Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xii. Defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers (ISPs), social media accounts, messaging applications and cloud storage accounts that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices are those personal computers, internet appliances, electronic games, cellular telephones, digital storage media, and their peripheral equipment that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers to view, obtain or transmit materials with depictions of sexually explicit conduct involving children, as defined by 18 U.S.C. § 2256(2).  All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the

following: a laptop computer and Western Digital External Hard Drive 2TB USB (collectively, the "Forfeitable Assets").

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

1        i.   That forfeiture of Forfeitable Assets shall not be
2   counted toward satisfaction of any special assessment, fine,
3   restitution, costs, or other penalty the Court may impose.

4                        THE USAO'S OBLIGATIONS

5        4.   The USAO agrees to:

6        a.   Not contest facts agreed to in this agreement.

7        b.   Abide by all agreements regarding sentencing contained
8   in this agreement.

9        c.   At the time of sentencing, move to dismiss the
10  remaining count of the indictment as against defendant.  Defendant
11  agrees, however, that at the time of sentencing the Court may
12  consider any dismissed charges in determining the applicable
13  Sentencing Guidelines range, the propriety and extent of any
14  departure from that range, and the sentence to be imposed.

15       d.   At the time of sentencing, provided that defendant
16  demonstrates an acceptance of responsibility for the offense up to
17  and including the time of sentencing, recommend a two-level reduction
18  in the applicable Sentencing Guidelines offense level, pursuant to
19  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
20  additional one-level reduction if available under that section.

21                        NATURE OF THE OFFENSE

22       5.   Defendant understands that for defendant to be guilty of
23  the crime charged, that is, Attempted Enticement of a Minor to Engage
24  in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b), the
25  following must be true:

26       First, defendant used a means of interstate commerce, including
27  the Internet;

28

8

Second, defendant knowingly attempted to persuade, induce, entice, or coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense;

Third, defendant did something that was a substantial step toward committing that offense.

6.   For criminal liability to attach under the Military Extraterritorial Jurisdiction Act ("MEJA"), 18 U.S.C. § 3261, three elements must be satisfied:

First, the conduct committing the offense occurred outside the United States;

Second, the offense would be punishable for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States; and

Third, the offender was, at the time of the alleged offense, employed by the Armed Forces outside the United States, which includes, but is not limited to, any civilian employee or contractor of a Department of Defense agency.

<u>PENALTIES</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. 2422(b) is: life imprisonment; a life-time period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. 2422(b) is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.    Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about March 18, 2017, on and around the United States Kadena Air Force Base, on the island of Okinawa, Japan, defendant, a United States citizen whose last known residence is in Los Angeles County, and who was arrested in Los Angeles County, within the Central District of California, used the internet to respond to an advertisement in the Personals/Casual Encounters section of Craigslist titled, "Young Family Fun."  Five days later, or about March 23, 2017, defendant had a phone call via an internet application with a person defendant believed was the mother of two young children, but who was in fact an undercover law enforcement officer ("UC").  During this phone call, defendant said that he preferred to have sex with eight- or nine-year-old girls.

Following this initial conversation, defendant and the UC engaged in several additional phone calls in March and April 2017 via an internet application.  During these calls, defendant asked the UC about her children's prior sexual experiences and they discussed defendant engaging in sexual activity with the UC's four-year-old daughter.  Specifically, during a conversation on or about April 12, 2017, defendant told the UC that he wanted to have sex with her daughter but was afraid of being caught.  He asked the UC to advise him about her four-year-old daughter's sexual likes.

On or about April 14, 2017, defendant and the UC met in person at a mall to discuss defendant meeting the UC's daughter to engage in sexual activity.  They discussed using a condom and defendant asked the UC about digitally penetrating her daughter instead.  When the UC asked whether defendant would do anything to ensure her daughter didn't feel pain, defendant said he would bring coconut oil to use as a lubricant.

1    Defendant and the UC spoke on the phone again on April 18, 2017.

2    Defendant asked the UC for a photograph of her daughter and asked if

3    the daughter could wear a nightgown when he met her for sexual

4    activity.

5    On April 20, 2017, defendant and the UC discussed defendant

6    having oral sex with the UC's daughter.  Later that day, defendant

7    left his residence and traveled to the UC's residence to meet with

8    the UC's daughter for the purposes of engaging in a sexual

9    relationship. When defendant arrived at the UC's residence, he had a

10   bottle of coconut oil in his possession.

11   Further, beginning on an unknown date, and continuing to or

12   about April 20, 2017, on the island of Okinawa, Japan, defendant

13   knowingly possessed a Western Digital External HDD 2TB USB hard drive

14   which contained child pornography, as defined in Title 18, United

15   States Code, Section 2256(8)(A), involving a prepubescent minor and a

16   minor who had not attained 12 years of age, that had been shipped and

17   transported using any means and facility of interstate and foreign

18   commerce by any means, including by computer, knowing that the images

19   were child pornography.  Specifically, the child pornography that

20   defendant possessed on this device included videos titled:

21   1.   "4.webm";

22   2.   "12.webm";

23   3.   "k"; and

24   4.   "456.webm"

25   At all relevant times, defendant was employed by the Armed

26   Forces outside the United States, as defined in Title 18, United

27   States Code, Section 3267(1), namely, by the Department of Defense

28   Commissary Agency, and was residing in Japan in March and April 2017

when the criminal conduct occurred.  The criminal conduct would be punishable by imprisonment for more than one year had it been engaged in within the special maritime and territorial jurisdiction of the United States.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 28 | U.S.S.G. § 2G1.3(a)(3) |
| Use of a Computer | +2 | U.S.S.G. § 2G1.3(b)(3) |
| Minor Less Than 12 Years of Age: | +8 | U.S.S.G. § 2G1.3(b)(5) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14

16.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

## WAIVER OF APPEAL OF CONVICTION

2       18.  Defendant understands that, with the exception of an appeal
3  based on a claim that defendant's guilty plea was involuntary, by
4  pleading guilty defendant is waiving and giving up any right to
5  appeal defendant's conviction on the offense to which defendant is
6  pleading guilty.  Defendant understands that this waiver includes,
7  but is not limited to, arguments that the statutes to which defendant
8  is pleading guilty are unconstitutional, and any and all claims that
9  the statement of facts provided herein is insufficient to support
10 defendant's plea of guilty.

11 ## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND
12 ## WAIVER OF COLLATERAL ATTACK

13      19.  Defendant agrees that, provided the Court imposes a term of
14 imprisonment within or below the range corresponding to an offense
15 level of 35 and the criminal history category calculated by the
16 Court, defendant gives up the right to appeal all of the following:
17 (a) the procedures and calculations used to determine and impose any
18 portion of the sentence; (b) the term of imprisonment imposed by the
19 Court; (c) the fine imposed by the Court, provided it is within the
20 statutory maximum; (d) to the extent permitted by law, the
21 constitutionality or legality of defendant's sentence, provided it is
22 within the statutory maximum; (e) the term of probation or supervised
23 release imposed by the Court, provided it is within the statutory
24 maximum; and (f) any of the conditions of supervised release imposed
25 by the Court.

26      20.  Defendant also gives up any right to bring a post-
27 conviction collateral attack on the conviction or sentence, except a
28 post-conviction collateral attack based on a claim of ineffective

assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

21. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 35 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

## BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously
entered a guilty plea pursuant to this agreement, defendant will not
be able to withdraw the guilty plea, and (b) the USAO will be
relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge
that was either dismissed or not filed as a result of this agreement,
then:

18

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

1   to the United States Probation and Pretrial Services Office and the

2   Court, (b) correct any and all factual misstatements relating to the

3   Court's Sentencing Guidelines calculations and determination of

4   sentence, and (c) argue on appeal and collateral review that the

5   Court's Sentencing Guidelines calculations and the sentence it

6   chooses to impose are not error, although each party agrees to

7   maintain its view that the calculations in paragraph 15 are

8   consistent with the facts of this case.  While this paragraph permits

9   both the USAO and defendant to submit full and complete factual

10  information to the United States Probation and Pretrial Services

11  Office and the Court, even if that factual information may be viewed

12  as inconsistent with the facts agreed to in this agreement, this

13  paragraph does not affect defendant's and the USAO's obligations not

14  to contest the facts agreed to in this agreement.

15      28.  Defendant understands that even if the Court ignores any

16  sentencing recommendation, finds facts or reaches conclusions

17  different from those agreed to, and/or imposes any sentence up to the

18  maximum established by statute, defendant cannot, for that reason,

19  withdraw defendant's guilty plea, and defendant will remain bound to

20  fulfill all defendant's obligations under this agreement.  Defendant

21  understands that no one -- not the prosecutor, defendant's attorney,

22  or the Court -- can make a binding prediction or promise regarding

23  the sentence defendant will receive, except that it will be between

24  the statutory mandatory minimum and the statutory maximum.

25                    <u>NO ADDITIONAL AGREEMENTS</u>

26      29.  Defendant understands that, except as set forth herein,

27  there are no promises, understandings, or agreements between the USAO

28  and defendant or defendant's attorney, and that no additional

20

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_Amy E. Pomerantz_                                            4/6/2023
AMY E. POMERANTZ                          Date
Assistant United States Attorney

_Robert Villafuerte_                                     30 Mar 2023
ROLAND JOSEPH VILLAFUERTE                  Date
Defendant

_Ambrosio E. Rodriguez_                                  03/30/2023
AMBROSIO E. RODRIGUEZ                      Date
Attorney for Defendant ROLAND
JOSEPH VILLAFUERTE

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    _30 Mar 2023_
ROLAND JOSEPH VILLAFUERTE                     Date
Defendant

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am ROLAND JOSEPH VILLAFUERTE's attorney.  I have carefully and

3  thoroughly discussed every part of this agreement with my client.

4  Further, I have fully advised my client of his rights, of possible

5  pretrial motions that might be filed, of possible defenses that might

6  be asserted either prior to or at trial, of the sentencing factors

7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  AMBROSIO E. RODRIGUEZ                    03/30/2023
                                            Date

18  Attorney for Defendant ROLAND
    JOSEPH VILLAFUERTE

19

20

21

22

23

24

25

26

27

28